[Cite as *State v. Bump*, 2021-Ohio-3025.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO<br>CITY OF DELAWARE | JUDGES:<br>Hon. Craig R. Baldwin, P.J.<br>Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 20 CAC 10 0045 |
| RICHARD BUMP | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:    Criminal Appeal from the Municipal Court,
Case No. 20 CRB 01058

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    September 1, 2021

APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

ERIC BURKETT        RICHARD BUMP
ASSISTANT PROSECUTOR        PRO SE
70 North Union Street        452 Reed Street
Delaware, Ohio 43015        Mansfield, Ohio 44903

*Wise, J.*

{¶1}    Defendant-Appellant Richard Bump appeals the judgment entered by the Delaware Municipal Court convicting him of violating Delaware County Preservation Park Rule 29.1 for Hunting, Trapping, and Molesting Wildlife. Plaintiff-Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

**FACTS AND PROCEDURAL HISTORY**

{¶2}    On August 10, 2020, Appellant received a minor misdemeanor citation for Hunting, Trapping, and Molesting Wildlife under Delaware County Preservation Park Rule 29.1.

{¶3}    On October 9, 2020, proceedings before Magistrate Kevin Pelanda took place. Appellee first called Officer Hough to testify. At trial, Officer Hough testified, he works for the Preservation Parks of Delaware County. In the evening of August 10, 2020, he was on duty and entered Gallant Woods Park around 9:30 p.m. The park closed at 9:00 p.m. As Officer Hough parked his car, he saw Appellant exit the shelter at the park and begin walking toward the parking lot. While on a gravel path, Appellant stopped, looked down and began stomping.

{¶4}    Officer Hough approached Appellant and asked Appellant what he was doing. Appellant replied he was stomping a snake to kill it. The snake was no longer than a dollar bill, had no teeth, and was not venomous.

{¶5}    Officer Hough testified that he questioned Appellant as to why he would kill a snake, and that Appellant replied to him, "When I see snakes I kill them."

{¶6}    During cross-examination, Officer Hough admitted Appellant indicated he was scared when he killed the snake, and that it lunged at him.

**{¶7}** Officer Hough said that he issued Appellant a citation, but denied telling Appellant that he would give him a "hard education."

**{¶8}** Appellee then rested their case.

**{¶9}** At the beginning of Appellant's case, Appellant testified he was at Gallant Woods Park on August 10, 2020 to reconcile his bank statements and to read the Bible. Appellant continued that as he exited the park, after the park had closed, a snake wrapped itself on Appellant's foot. Appellant was wearing sandals and the snake scared him and caused him to jump, then he stomped it as a reaction. He testified that he is not an outdoorsman and was not familiar with snakes.

**{¶10}** Appellant then rested his case.

**{¶11}** The trial court found Appellant guilty and sentenced Appellant to a $50 fine and court costs.

## ASSIGNMENTS OF ERROR

**{¶12}** On October 23, 2020, Appellant filed a notice of appeal raising the following two Assignments of Error:

**{¶13}** "I. THE TRIAL COURT ERRED IN ALLOWING THE TESTIMONY OF A WITNESS WHEN THE WITNESS DID NOT HAVE SPECIALIZED KNOWLEDGE REGARDING THE SUBJECT MATTER; TO WHICH THE STATE'S FAIL TO SHOW GOOD CAUSE UNDER CRIM.R. 16(K), WITH PREJUDICE TO MR. BUMP; THE CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE; IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, WHICH REGARDING THE SUBJECT

MATTER OF THE TESTIMONY, SEE STATE V. THOMPKINS, 78 OHIO ST.3D 380, (OH SUP CT., 1997).

**{¶14}** II. TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED DEFENDANTS (sic) RIGHT TO PRESENT AN ADEQUATE DEFENSE BY DENYING HIM DUE PROCESS AS TO HIS FOURTEENTH AMENDMENT FROM DEFENDING HIMSELF FROM HARM OR WELL-BEING WHILE VISITING A PARK DISTRICT. THIS DENIAL IS A DEPRIVATION OF A SPECIFIC CONSTITUTIONAL RIGHT. THE COURTS HAVE ANALYZED THE DENIAL IN TERMS OF WHETHER THERE HAS BEEN A DENIAL OF DUE PROCESS, TO WHICH A DEFENDANT HAS AN ABSOLUTE RIGHT TO PREPARE AN ADEQUATE DEFENSE; SEE UNITED STATES V. CROSSLEY, 224 F3D. (sic) 854 6TH CIR. (2000); AND IN STATE V. BROOKS, 44 OHIO ST. (sic) 185, 542 N.E. 2D (sic) 636 (1989); AN ERROR IS RELEVANT AND MATERIAL TO THE DEFENSE; THE ERROR IS EVIDENCE HERE DUE TO THE LACK OF IMMUNITY OR DEFENSE PROVIDED TO ARGUE THIS CASE.

**I.**

**{¶15}** In Appellant's First Assignment of Error, Appellant argues that Appellee's witness did not have specialized knowledge regarding the subject matter to which the witness testified and the conviction is against the manifest weight of the evidence. We disagree.

**a. Witness Testimony**

**{¶16}** Appellant's first issue raised in this Assignment of Error argues Officer Hough testified as an expert witness without proper foundation. We disagree.

{¶17} As Appellant did not object to Officer Hough's testimony at the trial court proceedings, Appellant has waived all but plain error. An error not raised in the trial court must be plain error for an appellate court to reverse. *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978) at paragraph one of the syllabus; Crim.R. 52(B). To prevail under a plain error analysis, Appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. *Id.* at paragraph two of the syllabus. Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id.* at paragraph three of the syllabus.

{¶18} "Evid.R. 701 affords the trial court considerable discretion in controlling the opinion testimony of lay witnesses." *State v. Harper*, 5th Dist. Licking No. 07 CA 151, 2008-Ohio-6926, ¶42, citing *City of Urbana ex rel. Newlin v. Downing*, 43 Ohio St.3d 109, 113, 539 N.E.2d 140 (1989) and *State v. Kehoe*, 133 Ohio App.3d 591, 603, 729 N.E.2d 431 (12th Dist.1999). "If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Evid.R. 701. Lay opinion, inferences, impressions or conclusions are therefore admissible if they are those that a rational person would form on the basis of the observed facts and if they assist the jury in understanding the testimony or delineating a fact in issue. *Kehoe* at 603.

{¶19} The distinction between lay and expert-witness opinion testimony is that lay testimony results from a process of reasoning familiar in everyday life, while expert

testimony results from a process of reasoning that only specialists in the field can master. *State v. McKee*, 91 Ohio St.3d 292, 744 N.E.2d 737 (2001).

**{¶20}** In the case *sub judice*, Officer Hough testified that he witnessed Appellant stomp a small, non-venomous snake, no longer than six inches, and had no teeth. These observations were readily observable. Accordingly, the trial court did not commit plain error when it allowed Officer Hough to testify about his personal observations.

**{¶21}** Moreover, assuming, *arguendo*, the trial court erred in admitting testimony of Officer Hough because he was not qualified as an expert before testifying the small snake without teeth was not venomous, we find any error was harmless. Crim.R. 52(A) defines harmless error as "[a]ny defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Before constitutional error can be considered harmless, we must be able to "declare a belief that it was harmless beyond a reasonable doubt." *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Where no reasonable possibility exists that the unlawful testimony contributed to a conviction, the error is harmless and therefore will not be grounds for reversal. *State v. Lytle*, 48 Ohio St.2d 391, 358 N.E.2d 623 (1976), paragraph three of the syllabus, vacated on other grounds in *Lytle v. Ohio*, 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154 (1978).

**{¶22}** In the case at bar, there was overwhelming evidence, as set forth above, of Appellant's guilt. Officer Hough testified that he witnessed Appellant stomp a small toothless snake to death, after which Appellant stated that when he sees snakes, he kills them. Accordingly, we find any error in admitting the testimony did not have an impact

on the verdict, the error was harmless beyond a reasonable doubt, and the other evidence in the case established Appellant's guilt beyond a reasonable doubt.

### b. Manifest Weight of the Evidence

**{¶23}** The second issue argued by Appellant is that his conviction is against the manifest weight of the evidence. We disagree.

**{¶24}** When reviewing a weight of the evidence, the appellate court functions as the "thirteenth juror" and reviews the entire record, weighing the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts of evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Thompkins*, 78 Ohio St.3d 380. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the convictions." *Id.*

**{¶25}** In the case *sub judice*, Appellant was convicted of Hunting, Trapping, and Molesting Wildlife Delaware County Preservation Park Rule 29.1, which provides:

> No person shall on Park District-owned property: hunt, attempt to hunt, pursue with animals, electric or mechanical devices, trap or in any other way molest, harm, harass, injure, poison, kill or disturb any den or nest, bird or animal, or take the eggs of any bird, any deer shed, invertebrate, mammal, reptile or amphibian, except when permitted by the Director or his/her designee giving authorization to do so and in designated areas only.

**{¶26}** At trial, Appellee presented testimony that Appellant, while on Park District-owned property, stomped a snake to death. Upon being questioned on why he did that, he said he was startled and that when he sees a snake, he kills it.

**{¶27}** It is well-established that the weight of the evidence and credibility of the witnesses are determined by the trier of fact. *State v. Yarbrough*, 95 Ohio St.3d 227, 231, 2002-Ohio-2126, 767 N.E.2d 126.

**{¶28}** We find that this is not an "exceptional case in which the evidence weighs heavily against the conviction." *Thompkins*, 78 Ohio St.3d at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175. The trial court neither lost its way nor created a miscarriage of justice in convicting Appellant of Hunting, Trapping, and Molesting Wildlife and Appellee presented evidence of his guilt beyond a reasonable doubt.

**{¶29}** Appellant's First Assignment of Error is overruled.

## II.

**{¶30}** In Appellant's Second Assignment of Error, Appellant alleges his due process rights were violated because of prosecutorial misconduct, which prejudicially affected him in a manner that requires reversal. We disagree.

**{¶31}** Appellant contends that his due process rights were violated because of prosecutorial misconduct, but then never points to misconduct by the prosecution. Appellant instead focuses on whether or not the Delaware County Preservation Park Rule 29.1 had to delineate a self-defense exception, and in his brief makes a contention that trial court placed the burden of proof on the Appellant. However, Appellant's argument is factually inaccurate. We found no evidence in the record the trial court shifted the burden of proof to the Appellant. In addition, the record shows the trial court

considered whether Appellant acted in self-defense, and determined that Appellant did not act in self-defense.

**{¶32}**  Accordingly, Appellant's Second Assignment of Error is overruled.

**{¶33}**  For the foregoing reasons, the judgment of the Municipal Court of Delaware County, Ohio, is hereby affirmed.

By: Wise, J.

Baldwin, P. J., and

Hoffman, J., concur.

JWW/br 0831